```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT

UNITED STATES OF AMERICA,        :
                                 :
      Plaintiff,                 :
                                 :
v.                               :     Case No. 3:13-CV-00545 (RNC)
                                 :
$822,694.81 IN UNITED STATES     :
CURRENCY, SEIZED FROM ACCOUNT    :
NO. XXXXXXXX7424, HELD IN THE    :
NAMES OF GODWIN EZEEMO AND       :
WINIFRED C.N. EZEEMO, AT BANK    :
OF AMERICA,                      :
                                 :
      Defendant.                 :
                                 :
```

## RULING AND ORDER

The United States has moved for reconsideration of the ruling granting the motion to intervene filed by the law firm of Weycer, Kaplan, Pulaski & Zuber ("Weycer"). The government seeks reconsideration on the basis that the Court overlooked the existence of other victims who can trace their funds to the relevant account and therefore stand on equal footing with Weycer. Allowing Weycer to intervene as the beneficiary of a constructive trust will result in unequal treatment of these other victims, the government submits, so the Court should reconsider its decision to impose a constructive trust. For the following reasons, the government's motion for reconsideration is granted but the Court adheres to its previous ruling.

The standard for granting a motion for reconsideration is strict. Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir.

1995).  "A motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Lopez v. Smiley, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005) (internal quotation marks omitted). Likewise, a motion for reconsideration is not an opportunity to relitigate issues already decided.  Id. at 22.  Reconsideration should be granted only if the moving party "point[s] to controlling decisions or data that the court overlooked - matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Shrader, 70 F.3d at 257.

 The government's motion does not show that there are indeed other victims who can directly trace their funds to the Bank of America account as required for the imposition of a constructive trust.  As recounted by the parties in the original briefing on this motion, when Weycer discovered that the check it had received was fraudulent, it contacted Bank of America to try to reverse the wire, but the Bank placed a hold on the account such that Weycer's money could not be returned.  The government and the Ezeemos point out that other deposits and withdrawals were made after the date of Weycer's transfer, but the parties do not seem to dispute that the Bank froze Weycer's money after the attempted recall.  Bank statements showing deposits by victims do not necessarily demonstrate that those victims can trace their

specific property to the funds seized from the account.  See United States v. Benitez, 779 F.2d 135, 140 (2d Cir. 1985) ("It is hornbook law that before a constructive trust may be imposed, a claimant to a wrongdoer's property must trace his own property into a product in the hands of the wrongdoer.").  The motion therefore does not appear to raise an issue that the Court overlooked that might alter the decision to allow Weycer to intervene.

Even assuming the government can show that other victims are similarly situated to Weycer in terms of their ability to trace their funds directly to the Bank of America account, that does not negate Weycer's standing to intervene as the beneficiary of a constructive trust in the funds it wired to the account.  The government argues that intervention by other victims who can trace will result in claims that exceed the value of the fund. By definition, however, funds that can be traced must exist in the account.  See Restatement (Third) of Restitution and Unjust Enrichment § 58 cmt. a (explaining that tracing requires the claimant to "identify property in the hands of the recipient that represents or embodies - if it is not identical with - property obtained at the claimant's expense or in violation of the claimant's rights").  Moreover, as the Court explained in its original ruling, the law does not require pro rata distribution of forfeited fraud proceeds at the expense of victims who can

trace their losses.

Accordingly, the government's motion for reconsideration (ECF No. 45) is hereby granted, and the Court adheres to its previous ruling.

So ordered this 31st day of March 2016.

<pre>
                          /s/ RNC
                     Robert N. Chatigny
                 United States District Judge
</pre>